## SMITH & STEELE v. MARTIN.

No. 636.   Opinion Filed May 9, 1911.

(115 Pac. 866.)

INDIANS—Contracts—Validity.   A contract with an Indian, not a citizen of the United States, for the payment of money in consideration of services to be rendered to the said Indian relative to lands of his tribe which he proposes to enter as allotments, falls within the provisions of section 2103, Revised Statutes of the United States (3 Fed. Stats. Ann. p. 367), and, where not executed and approved as required by the said act, is void.

(Syllabus by the Court.)

*Error from Osage County Court; C. T. Bennett, Judge.*

Action by Smith & Steele against R. Lee Martin.   Judgment for defendant, and plaintiffs bring error.   Affirmed.

*J. M. Worlen,* for plaintiffs in error.
*Preston A. Shinn,* for defendant in error.

DUNN, J.   This case presents error from the county court of Osage county.   Plaintiffs in error brought suit to recover upon a written contract entered into by them with R. Lee Martin, an Osage Indian, on August 6, 1907, wherein the said Martin employed the said Smith & Steele to assist in locating certain farming and grazing lands in the Osage Nation.   The services which they were to render consisted of sending a man with him, showing him the said lands, to enable him as a member of the tribe to locate and file thereon for his allotment, and it was provided that if the said Martin filed on any, or assisted any other person to file on the land which was shown, that the consideration for each quarter so filed on was to be $75.   It appears from the pleadings that defendant filed on two quarters, and suit was brought to recover $150.   It was resisted on the ground, among others, that it was a contract falling within the terms of section 2103 of the Revised Statutes of the United States (3 Fed. Stats. Ann. p. 367), and void, because not executed and approved as required therein.

The statute reads:

"No agreement shall be made by any person with any tribe of Indians, or individual Indians not citizens of the United States, for the payment or delivery of any money or other thing of value, in present or in prospective, or for the granting or procuring any privilege to him, or any other person in consideration of services for said Indian relative to their lands, * * * unless such contract or agreement be executed and approved as follows: * * *"
—Here follows a number of requirements, with which it is not claimed compliance was had. The section then reads: "All contracts or agreements made in violation of this section shall be null and void." Among the other requirements set forth in the statute for contracts falling within its purview are that the same shall be in writing, and a duplicate of it delivered to each party, and also that it shall be executed before a judge of a court of record, and bear the approval of the Secretary of the Interior and the Commissioner of Indian Affairs indorsed upon it. The issue between counsel representing the parties hereto is on the question of whether the contract in suit fell within the terms of the said act.

We have been cited to no authority, and we have been unable to find any, construing or aiding us in the construction of this act, as the same pertains to a contract such as is involved in this case. The language of the act, however, manifestly intends, as we view it, to preclude the making of any contracts whatsoever with Indians not citizens of the United States in relation to the matters dealt with therein, except that the procedure prescribed is followed. The services rendered in this case were rendered for an Indian as named within the statute, and were in relation to the lands of that tribe of Indians on which this particular Indian intended to file his allotment, and the statute inveighs against the making of any agreement for the payment of money or other thing of value "in consideration of services for said Indians relative to their lands." While we are aware that in this conclusion on our part we have placed a broad construction upon the language of the act, yet when we view the evident purposes for which it was enacted, in our judgment this construction is in keeping with the intent of Congress which passed it. To conclude otherwise, and to

hold that the act does not apply to the contract of this character, would open the door for others of invidious nature, and such as the act as now viewed by all was clearly intended to cover, until by the very attrition of construction its entire value as a protection would be destroyed.   The question of jurisdiction is thereby rendered immaterial, and the license tax issue was passed on at this term in the case of *Hughes v. Snell-Paddock-Sherman, ante.*

Entertaining, therefore, the view that the contract is void, the judgment of the trial court in overruling a demurrer to this defense is reversed, and the judgment is affirmed on this ground.

All the Justices concur.